MICHAEL J. DONAHUE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Donahue v. Commissioner
Docket No. 26472-89
United States Tax Court
T.C. Memo 1992-28; 1992 Tax Ct. Memo LEXIS 35; 63 T.C.M. (CCH) 1808; T.C.M. (RIA) 92028; January 13, 1992, Filed *35 Decision will be entered under Rule 155. Michael J. Donahue, pro se. Cheryl M. D. Rees, for respondent. GOLDBERG, Special Trial Judge. GOLDBERG
MEMORANDUM OPINION This case was heard pursuant to the provisions of section 7443A(b)(3). [1]
Respondent determined deficiencies in and additions to petitioner's Federal income tax for the years 1985 and 1986 as follows: Additions to Tax Sec.
Sec.
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651
6653
6653
6653
6653
6654(a)
(a)(1)
(a)(1)
(a)(2)
(a)(1)(A)
(a)(1)(B)
1985
$ 4,611
$ 1,153
$ 338
[1]
-
-
$ 273
1986
1,742
436
-
-
$ 227
[1]
99
*36 In his notices of deficiency for 1985 and 1986, respondent denied $ 10,783 and $ 5,487, respectively, of petitioner's deductions for business expenses. The principal issue is petitioner's failure to accurately account for his income and to substantiate his claimed business deductions. After concessions by petitioner, the remaining issues for our redetermination are: (1) Whether petitioner received unreported gross income of $ 1,985 in 1985; (2) whether petitioner is entitled to deductions for automobile expenses in the amounts of $ 3,150 and $ 1,800 for 1985 and 1986, respectively; (3) whether petitioner is entitled to deductions for rent in the amounts of $ 3,540 and $ 1,746 for 1985 and 1986, respectively; (4) whether petitioner is entitled to deductions for utilities and telephone in the amounts of $ 839 and $ 480 for 1985 and 1986, respectively; (5) whether petitioner is liable for the addition to tax for failure to file timely returns; (6) whether petitioner is liable for additions to tax for negligence or intentional disregard of rules or regulations; and (7) whether petitioner is liable for the addition to tax for failure to pay estimated tax. The issue of petitioner's *37 liability for increased self-employment tax involves a mathematical computation dependent upon our decisions on the other issues in this case. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated by this reference. Petitioner resided in Houston, Texas, when he filed his petition. Petitioner is a criminal defense attorney who handles assigned cases from the Houston, Texas, courts. In the years in question, he maintained an office in his home and traveled regularly to the Houston courthouse, as well as engaging in a broad range of activities related to the practice of law, such as meeting with clients and entertaining people for the purpose of business development. In 1985, petitioner lived in a three-bedroom house on Creekbend in southwest Houston, paying $ 590 per month in rent. In 1986, he moved to a one-level townhouse, where he paid rent of $ 450 per month. In both years, he maintained his principal place of business in his residence. Petitioner and his wife, who were divorced in 1984, have two children. The children live with their mother, and petitioner sees them regularly, according to the terms of *38 his divorce decree. He was required to pay child support to his former wife in the amount of $ 540 per month. During the years in question, petitioner was constantly short of money and fell behind in his child-support payments. His ex-wife sued him for delinquent support payments in 1985. In November 1983, petitioner's father died, leaving his fiberglass business, Donahue Company, Inc., to petitioner. Petitioner continued to operate this business through the middle of 1985 and received income from it, but did not actively solicit business. He took orders from his father's customers, arranged delivery from the factory, and paid the manufacturer. The business dwindled and expired in 1985. Petitioner kept very scanty and inaccurate records for the years in question. He kept a calendar in which he entered both business and personal appointments. His logbook contains a list of cash receipts, but his bank records indicate deposits in excess of the amounts reported in the log and on his tax returns. Petitioner did not keep separate bank accounts for his law practice and his father's fiberglass business, nor did he keep a log of business mileage or document his business expenses *39 with receipts or in any other way. In preparation for trial, petitioner obtained blank bills from restaurants and filled in specific amounts, which were estimates coordinated by date with the engagements on his calendar for the years in question. Respondent reconstructed petitioner's income for 1985 by using the cash expenditures method. This method is based upon the assumption that the amount by which a taxpayer's cash expenditures during a taxable period exceed his known sources of income for that period is taxable income, unless the taxpayer can show his expenditures were made from some nontaxable source of funds. A deficiency determined by use of the cash expenditures method is presumptively correct, and the burden of proof is upon the taxpayer to demonstrate otherwise. Rule 142(a); . Respondent also denied most of petitioner's claimed business expense deductions because he failed to substantiate them and, to the extent that the expenditures were substantiated, because he did not establish that they were ordinary and necessary business expenses within the meaning of section 162(a). We agree with respondent's *40 determinations as to the reconstruction of income for 1985 and -- with the exceptions noted below -- as to the denial of deductions for alleged business expenses on the ground that petitioner has not carried his burden of proof: he has utterly failed to persuade us of the reliability of his business records or his tax returns. We begin by emphasizing that taxpayers are required to keep sufficient records to enable respondent to determine their correct tax liability. Sec. 6001; . In the absence of adequate books and records, respondent may reconstruct the taxpayer's income through any reasonable method. , affd. without published opinion . Petitioner's records are so confused and inconsistent as to make it impossible for us to redetermine his income with any greater accuracy than we find in respondent's notice of deficiency. Petitioner's conduct at trial also did not persuade us of his truthfulness or his reliability. He admitted to having obtained blank restaurant receipts, filling in amounts for *41 the business meals listed on his calendar, and offering them as evidence of his expenditures. As an example of the inconsistencies in petitioner's testimony and the consequent problems in ascertaining his income, we note that the parties stipulated that petitioner maintained four bank accounts and that account number 775106 at Liberty Bank in Houston was the business account of Donahue Company, Inc., the fiberglass business. Most of the checks written on that account, however, were personal. We are unable to determine which of the checks written on that account were to suppliers. At trial, petitioner testified to making at least one $ 215 deposit of Donahue Company funds in a personal account. Deposits to the Donahue Company account totaled $ 5,292. For 1985, petitioner reported income of $ 1,778 from Donahue Company. At trial, he stated that this amount was net of (undocumented) expenses in the amount of $ 3,000. Income of $ 514, or possibly $ 729, was thus unreported. Similar problems exist in determining the amount of petitioner's income from the practice of law. Petitioner's testimony at trial was often self-contradictory or incomprehensible. He was unable to remember *42 whether the names on his calendar or his bank deposits were clients of his law practice. Petitioner mentioned at trial a fifth bank account, which was alleged to contain $ 500 at the beginning of 1985, in addition to the four listed in the stipulation. When questioned by respondent's counsel about the number of his bank accounts, petitioner answered: "I gave you all the records I had, and you prepared the stipulation, and I basically signed it. I don't have any personal recollection of something that happened five years ago." Petitioner has shown a pattern of exaggerating his business deductions. He deducted 50 percent of the utility expenses and 50 percent of the rent for his residence as office expenses. From petitioner's own account and diagram of the use of the space in his home, it is clear that far less than half of the area was used for business purposes. Petitioner estimated that 75 percent of the 20,000 miles he drove each year, or 15,000 miles, were for business purposes. His own reconstruction prepared for trial on the basis of his calendar indicated his business miles as 9,080. This reconstruction was prepared using the unrealistic assumption that petitioner returned *43 home after every trip to the courthouse rather than traveling directly to his next appointment. Petitioner has not maintained a contemporaneous log of business mileage or any other documentation of travel expenses. While section 162(a) allows a deduction for ordinary and necessary business expenses paid or incurred during the taxable year, petitioner has the burden of demonstrating that the purpose of the expenditure was primarily business rather than personal and that the business in which he was engaged benefited, or was intended to be benefited, by the expenditure. ; . Petitioner has not met his burden, but has shown a pattern of inflating his business deductions by inclusion of numerous personal expenditures. It is clear, however, that petitioner did incur business expenses and that part of the expenses of his residence were attributable to maintaining his principal place of business in his home. Thus, whether petitioner may deduct any of his claimed business expenses relating to his residence depends upon the applicability of *44 . The decision in Cohan permits a deduction based on estimates when the Court is convinced, from the record, that the taxpayer has incurred deductible expenses. As stated in , Cohan requires that "there be sufficient evidence to satisfy the trier that at least the amount allowed in the estimate was, in fact, spent or incurred for the stated purpose." Petitioner has established the fact that in 1985 his rent was $ 590 per month and in 1986, $ 450 per month. The parties stipulated that petitioner's expenses for utilities and telephone for 1985 totaled $ 2,174. Documentation available for expenses for tax year 1986 is inadequate. On the basis of petitioner's testimony and diagrams of his residence, it appears that, in 1985, 20 percent of his living space was devoted to business use and, in 1986, 15 percent to business use. Therefore, we find that petitioner is entitled to the following business expense deductions: For 1985, rent of $ 1,416 and utilities of $ 435; for 1986, rent of $ 810. Respondent's determinations of *45 income and denial of deductions are sustained, with the exception of the allowable business expense deductions for petitioner's in-home office. Respondent also determined that petitioner is liable for additions to tax pursuant to section 6651(a)(1) for 1985 and 1986. Section 6651(a)(1) imposes an addition to tax for failure to file a timely return unless it is shown that such failure is due to reasonable cause and not due to willful neglect. Petitioner bears the burden of proof. Rule 142(a); . Petitioner filed his 1985 return, due April 15, 1986, on March 20, 1987, and his 1986 return, due April 15, 1987, on February 8, 1988. He presented no legal justification for doing so. Therefore, respondent is sustained as to the additions to tax under section 6651(a)(1). Respondent also determined additions to tax under section 6653(a) for negligence or intentional disregard for rules and regulations. Petitioner has the burden of proving that respondent's determination of the additions to tax is erroneous. . Negligence, under section 6653(a), is *46 the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . We think the facts in this case demonstrate beyond a reasonable doubt that petitioner was negligent. He has not met his burden of proving otherwise. Therefore, we sustain respondent's determination as to the additions to tax under section 6653(a). Additionally, respondent determined an addition to tax under section 6654(a) for underpayment of estimated tax. Generally, section 6654(a) imposes an addition to tax where prepayments of tax, either through withholding or estimated quarterly tax payments during the course of the year, do not equal the percentage of total liability required under the statute. However, the addition is not imposed if the taxpayer can show that one of several statutory exceptions applies. Sec. 6654(e); ; . Petitioner has not shown that any of these exceptions applies. Therefore, he is liable for the 6654(a) addition *47 to tax for 1985 and 1986. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code as in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. 50 percent of the interest due on the underpayment of tax attributable to negligence or intentional disregard of rules or regulations.↩